**William A. BUDDE, Plaintiff–Appellant,**

**v.**

**HARLEY–DAVIDSON, INC. and Harley–Davidson Motor Company, Defendants–Cross Appellants.**

No. 03–1610, 03–1641.

United States Court of Appeals, Federal Circuit.

Oct. 5, 2004.

Rehearing and Rehearing En Banc Denied Nov. 15, 2004.

J. Donald Best, John C. Scheller, Michael Best, Madison, WI, Russell L. Johnson, Skjerven, Morrill, San Jose, CA, for Defendant–Cross Appellant.

Jack Russo, William C. Milks, III, Russo & Hale, Palo Alto, CA, for Plaintiff–Appellant.

Before RADER, BRYSON, and LINN, Circuit Judges.

LINN, Circuit Judge.

■ William A. Budde ("Budde") appeals from a final decision of the U.S. District Court for the Northern District of California granting a motion for summary judgment of non-infringement of U.S. Patent No. 4,955,348 ("the '348 patent") filed by Harley–Davidson, Inc. and Harley–Davidson Motor Co. (collectively "Harley–Davidson"). *Budde v. Harley–Davidson, Inc.*, No. C–98–20447–JF (N.D.Cal. July 29, 2003) (*"Budde III"*). Harley–Davidson cross-appeals the denial of its argument in support of summary judgment that the "fuel injector and throttle body" limitation was not met under the doctrine of equivalents. Reversal of the district court's ruling on that issue, however, would not alter the judgment in Harley–Davidson's favor, so that issue is not properly presented as a cross-appeal. *Bailey v. Dart Container Corp. of Mich.*, 292 F.3d 1360, 1362 (Fed.Cir.2002). A prevailing party has no right to cross-appeal. *Lindheimer v. Ill. Bell Tel. Co.*, 292 U.S. 151, 176, 54 S.Ct. 658, 78 L.Ed. 1182 (1934). Accordingly, we *dismiss* the cross-appeal and treat the challenge as the assertion of an alternative ground for affirming the summary judgment of non-infringement.

We *affirm* the district court's judgment that Harley–Davidson did not infringe the '348 patent, literally or under the doctrine of equivalents, for the reasons set forth below.

## I. BACKGROUND

The '348 patent issued in 1990 and is directed to an electronic fuel injection ("EFI") system for V-twin motorcycle engines. *Budde v. Harley–Davidson, Inc.*, 250 F.3d 1369, 1371 (Fed.Cir.2001) (*"Budde II"*). Claim 1 of the '348 patent is representative, with the disputed terms highlighted:

1. A fuel injection *conversion system* for V-twin motorcycle engines having two cylinders, an ignition system, and a fuel source, comprising

an *intake manifold* providing separate ducts for delivering a fuel and air mixture separately to each cylinder,

a *pair of fuel injectors* mounted in a fuel injector and throttle body secured to said intake manifold,

a fuel distributor for delivering an individual pressurized fuel flow to each of said injectors,

a fuel pump for delivering a pressurized fuel flow from the fuel source to the fuel distributor,

a fuel flow pressure regulator for controlling the pressure of the fuel flow delivered by the distributor to said injectors,

an *electronic sensing means* for determining when the ignition system of the engine delivers an electronic pulse to fire each spark plug of the cylinders and producing an electronic signal in response thereto,

a throttle potentiometer for sensing the position of the throttle and producing an electronic signal in response thereto,

a *status sensing means* for measuring a combination of air intake and engine temperature, and vacuum in the intake manifold and producing electronic signals therefrom, and

a *control unit* which discriminates which spark plug of the engine is firing a fuel-air mixture charged cylinder of the engine from the asymmetrical spark plug firing order related electronic signal from said electronic sensing means, said control unit electronically integrating the electronic signals from the throttle potentiometer, the electronic sensing means, and the status sensing means to generate electronic signals which control the fuel injectors and operate them at the proper time and for the calculated duration to deliver the proper amount of fuel to said cylinders for the engine operating conditions by timed injection.

'348 patent, col. 12, ll. 26–65 (emphases added).

Budde is a co-inventor and owner of the '348 patent. In 1997, Budde sued Harley–Davidson for infringement of the '348 patent, alleging that two of Harley–Davidson's electronic fuel injection systems—the "old" and "new" EFI systems—infringed its patent. *Budde III*, slip op. at 4; *see also Budde v. Harley–Davidson, Inc.*, No. C–98–20447–JF, slip op. at 2 (N.D.Cal. Jan. 29, 1999) (*"Budde I"*); *Budde II*, 250 F.3d at 1374. The district court held a *Markman* hearing, then construed seven of the disputed claim limitations. *Budde II*, 250 F.3d at 1374–75. Because Budde concluded he could not establish infringement under the district court's claim constructions, the district court, at Budde's request, entered summary judgment of non-infringement. *Id.* at 1375.

Budde then appealed to this court, challenging the constructions of two claim limitations. *Id.* at 1376. We construed the two terms, vacated the summary judgment, and remanded the case for further proceedings. *Id.* at 1382.

On remand, Budde alleged that Harley–Davidson infringed the '348 patent, while Harley–Davidson responded that it did not infringe and that the '348 patent was invalid and unenforceable. *Budde III*, slip op. at 4, 19. On cross-motions for summary judgment, the district court granted Harley–Davidson's motion for summary judgment that Harley–Davidson did not infringe the '348 patent, either literally or under the doctrine of equivalents. *Id.* at 19. In that judgment, the district court concluded that several limitations of claim 1 were not met by Harley–Davidson's systems, literally or under the doctrine of equivalents, but found that a "triable issue of material fact" remained as to whether Harley–Davidson's systems met the "pair

of fuel injectors" limitation of claim 1 under the doctrine of equivalents. *Id.* at 13.

Budde again appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Standard of Review

"We review a district court's grant of summary judgment de novo." *ACTV, Inc. v. Walt Disney Co.,* 346 F.3d 1082, 1087 (Fed.Cir.2003). When evaluating a motion for summary judgment, we view the record evidence through the same evidentiary standard that would prevail at trial. *Eli Lilly & Co. v. Barr Labs., Inc.,* 251 F.3d 955, 962 (Fed.Cir.2001). Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *SRI Int'l v. Matsushita Elec. Corp. of Am.,* 775 F.2d 1107, 1116 (Fed.Cir.1985) (en banc). On summary judgment,

> [c]laim construction is a matter of law that we review de novo. Comparison of the claims to the accused device requires a factual determination that every claim limitation or its equivalent is found in the accused device. Because infringement is a question of fact, infringement is properly decided at summary judgment only when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device.

*Int'l Rectifier Corp. v. IXYS Corp.,* 361 F.3d 1363, 1369 (Fed.Cir.2004) (internal citations and quotation marks omitted).

### B. Analysis

Budde argues that the district court erred in granting summary judgment that Harley–Davidson did not meet the "conversion system," "intake manifold," "pair of fuel injectors," "electronic sensing means," "status sensing means," and "control unit" limitations in claim 1 of the '348 patent. To prevail on appeal, Budde must show error as to each claim limitation. Because we conclude that the district court correctly concluded that neither of Harley–Davidson's systems contained the "pair of fuel injectors" limitation of claim 1 of the '348 patent, and because we hold as a matter of law that no reasonable jury could find infringement under the doctrine of equivalents of any Harley–Davidson system without reading the "pair of fuel injectors" limitation out of the claim, we affirm. We need not consider the arguments pertaining to the remaining disputed claim limitations.

■ Budde argues that the district court erred in construing the "pair of fuel injectors mounted in a fuel injector and throttle body" limitation in claim 1 of the '348 patent. This claim limitation states in pertinent part: "a pair of fuel injectors mounted in a fuel injector and throttle body secured to said intake manifold." '348 patent, col. 12, ll. 33–34. The district court initially construed this term to require "that two fuel injectors be mounted in a fuel injector and throttle body." *Budde I,* slip op. at 8. The parties did not appeal the construction of this claim term, and this court did not decide issues related to this claim construction in the prior *Budde II* appeal. On remand, the district court clarified its claim construction, stating that this limitation required that the fuel injectors be mounted in the throttle body. *Budde III,* slip op. at 12–13.

We discern no error in the district court's claim construction. The express language of the claim distinguishes between a "fuel injector and throttle body" and an "intake manifold" and recites that the fuel injectors are mounted to the "fuel

injector and throttle body," which is secured to the "intake manifold." *See* '348 patent, col. 12, ll. 33–34. Under the ordinary and customary meaning of the words of the claim, the pair of fuel injectors must be mounted in the "fuel injector and throttle body" and not the "intake manifold." Thus, the district court was correct in concluding that mounting the pair of fuel injectors in the intake manifold does not literally infringe the claim.

■ The district court found undisputed evidence that in Harley–Davidson's "old" EFI system, the parts corresponding to the throttle body and intake manifold claim limitations were combined into an integral "induction module." *Budde III,* slip op. at 13. Because the pair of fuel injectors are mounted in the intake manifold portion of the induction module rather than the throttle body portion, the "old" EFI system did not literally meet the claim limitation. *Id.* Concerning Harley–Davidson's "new" EFI system, the district court found it was undisputed that the throttle body and intake manifold are separate parts bolted together and that the fuel injectors are mounted in the intake manifold. *Id.* We agree and, thus, concur in the district court's conclusion that no reasonable juror could find that either of Harley–Davidson's "old" or "new" EFI systems literally met the "pair of fuel injectors" limitation of claim 1 of the '348 patent. Claim 1 is therefore not literally infringed by these systems.

■ Harley–Davidson challenges the district court's denial of Harley–Davidson's motion for summary judgment that its systems did not meet the "pair of fuel injectors" limitation under the doctrine of equivalents. The district court, in the face of "conflicting expert opinions" presented by Budde and Harley–Davidson, found a "triable issue of material fact" concerning whether the difference in the location of the fuel injectors was insubstantial, and thus equivalent, under the doctrine of equivalents. *Id.* The district court found that the possible conclusion that the placement of the fuel injectors in the Harley–Davidson systems was equivalent to the claimed placement would not vitiate the limitation in question because "the fuel injectors clearly are present in HD's [Harley–Davidson's] EFI system." *Id.*

The district court correctly notes that *Warner–Jenkinson* cautioned that "[i]t is important to ensure that the application of the doctrine [of equivalents], even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety." *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 29, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997); *see also Dolly, Inc. v. Spalding & Evenflo Cos.,* 16 F.3d 394, 398 (Fed.Cir. 1994) ("The doctrine of equivalents is not a license to ignore claim limitations."). As previously discussed, the claim limitation in question explicitly distinguishes between the "fuel injector and throttle body" and the "intake manifold" and recites that the fuel injectors are *"mounted in* [the] fuel injector and throttle body." '348 patent, col. 12, ll. 33–34 (claim 1) (emphasis added). To conclude that the placement of the fuel injectors on the intake manifold (or on the intake manifold side of the induction module) is equivalent to the claimed mounting of the injectors in the "fuel injector and throttle body" ignores the principal relationship between the three components recited in the limitation—the "fuel injectors," the "fuel injector and throttle body," and the "intake manifold"—and makes the relational claim language superfluous. Thus, a finding of equivalence under the doctrine of equivalents would read "mounted in a fuel injector and throttle body" out of the claim and vitiate the claim limitation. In light of this

legal error, and given the undisputed evidence concerning the combination of Harley–Davidson's accused systems, we hold no reasonable juror could find that Harley–Davidson's "new" and "old" EFI systems infringe claim 1 of the '348 patent literally or under the doctrine of equivalents.

## III. CONCLUSION

For the foregoing reasons, and on the alternative ground asserted by Harley–Davidson as to the "pair of fuel injectors" limitation of claim 1, we affirm the district court's judgment that the Harley–Davidson systems at issue did not infringe the '348 patent, either literally or under the doctrine of equivalents.

## IV. COSTS

No costs.